A98A0218. CLASSIC INSURANCE COMPANY v. REIGER et al.
(497 SE2d 20)

Judge Harold R. Banke.

Classic Insurance Company ("CIC") brought this declaratory judgment action against its insured, Melissa Reiger, and Jeron Nelson to determine whether Reiger's policy covered injuries she sustained in a traffic accident. The trial court granted Reiger's motion for summary judgment and denied CIC's. In its sole enumeration, CIC challenges the amount of Reiger's award.

Reiger sustained serious injuries while a passenger in her own vehicle, which was involved in a one-car accident. Nelson, the permissive driver, was uninsured. Reiger's policy provided $100,000 in liability protection and $100,000 in uninsured motorist protection. After learning that her liability coverage excluded injuries to the insured, Reiger sought uninsured motorist coverage. Because her policy's uninsured motorist provisions covered only "uninsured" vehicles, CIC questioned coverage and filed this action. *Held*:

The parties agree that Iowa law controls.[1] See *Fed. Ins. Co. v. Nat. Distrib. Co.*, 203 Ga. App. 763, 765-766 (417 SE2d 671) (1992). Uninsured motorist coverage is mandatory in Iowa. ICA § 516A.1. Exclusions to uninsured motorist coverage for injuries to the policyholder while occupying an insured vehicle violate Iowa law.[2] *Rodman v. State Farm &c.*, 208 NW2d 903, 909-910 (Iowa S.Ct. 1973) (construing ICA § 516A.1). Uninsured motorist coverage may be omitted from liability policies in Iowa only when the named insured expressly rejects such coverage on a separate sheet of paper containing only the rejection. ICA § 516A.1.

In light of § 516A.1's clear mandate, CIC concedes that Reiger is covered. It disputes the amount of coverage it must provide, however, arguing that the statute limits its coverage to $20,000, the amount set in ICA § 321A.1. Reiger maintains that she is entitled to coverage to her policy's $100,000 limit.

In striking an insured vehicle exclusion under identical circumstances, the Iowa Supreme Court reasoned that " 'the distinction that the uninsured motorist was the driver of the automobile in which [the] plaintiff [the insured] was a passenger, rather than the driver of another automobile, is not decisive. . . . [B]ecause she was excluded from the liability coverage of the policy, the automobile was not an insured automobile and the driver was not an insured motorist, notwithstanding that as to all others the automobile and the driver may have been insured. Because no liability insurance was applicable to the plaintiff at the time of the accident, her uninsured motorist coverage necessarily became effective in light of the legislative mandate.' [Cit.]" *Rodman*, 208 NW2d at 910. From this language, it follows that the invalid exclusion had no effect on the uninsured motorist coverage. See id. (citing *Markham v. State Farm &c.*, 326 FSupp. 39, 45 (W.D. Okla. 1971) which required payment of the full amount of coverage provided under the policies). This finding comports with § 516A.1's legislative purpose: to protect the insurance consumer, not insurers. *Rodman*, 208 NW2d at 909.

---

[1] The policy was issued in Iowa.

[2] In pertinent part, ICA § 516A.1 provides: "No automobile liability or motor vehicle liability insurance policy insuring against liability for bodily injury or death arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided in such policy or supplemental thereto, for the protection of persons insured under such policy who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle . . . because of bodily injury, . . . caused by accident and arising out of the ownership, maintenance, or use of such uninsured [vehicle] . . . , or arising out of physical contact . . . with a motor vehicle which the person insured is occupying at the time of the accident. . . . [T]he uninsured motor vehicle [coverage] . . . shall include limits for bodily injury or death at least equal to those stated in section 321A.1, subsection 10. . . ."

Notwithstanding CIC's argument to the contrary, § 516A.1 does not require insurers to pay only the statutory minimum when a policy's drafters intended to provide no coverage in violation of Iowa law. The statute simply sets the minimum amount of coverage an insurer can sell. It is undisputed that Reiger purchased $100,000 in uninsured motorist coverage. "There is no reason to believe that the legislature intended to deny the purchaser of uninsured motorist coverage the protection he purchased just because the liability coverage is" inapplicable. Id. at 909. Nor is there any reason to believe that Iowa courts would reward an insurer for promulgating an exclusion violative of Iowa law by enforcing the statutory minimum when the insured paid premiums for $100,000 in uninsured motorist coverage.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 9, 1998.

*Shur, McDuffie, Brockman & Leveille, Brett F. Shur*, for appellant.

*John C. McCaffery*, for appellees.